UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEPARTMENT OF REVENUE
STATE OF FLORIDA, et al.,**

        **Plaintiff,**

vs.                                             Case No. 8:08-CV-211-T-27TBM

**DARREN JAMES MICHAELS,**

        **Defendant.**
_____/

**ORDER**

Pursuant to Fed. R. Civ. P. 12(h)(3), a preliminary review of Defendant Darren James Michaels' *pro se* Notice of Removal/Motion for Leave to File Notice of Removal Out of Time (Dkts. 1, 2) has been undertaken to determine whether the district court has subject matter jurisdiction. ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *see also Herskowitz v. Reid*, 187 F.App'x 911, 912-13 (11th Cir. 2006); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)). Further, as this matter was purportedly removed from state court, this Court has examined the notice of removal pursuant to 28 U.S.C. § 1446(c)(4). ("The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

Consistent with its obligation to determine whether it has subject matter jurisdiction, this

1

Court finds, *sua sponte*, that this action is subject to dismissal for lack of subject matter jurisdiction.[1] Further, this Court finds that the state court action was not subject to removal to federal court.

Defendant purports to invoke the jurisdiction of the district court pursuant to 28 U.S.C. § 1443, 28 U.S.C. § 1446(b) and 15 U.S.C. § 1692g. Construing Defendant's pleading liberally, Defendant attempts to remove and enjoin an enforcement proceeding being prosecuted by the Florida Department of Revenue in the Circuit Court in and for Sarasota County, Florida. According to Defendant, that proceeding was initiated on January 19, 1993 by the Florida Department of Revenue when it moved "for an order to compel" Defendant to "submit to and Pay for 'DNA TESTING'" (Dkt. 2, ¶ 2). Defendant asserts that "the case became removable on May 5th 1993 arraigned by an ENTRY OF FINAL JUDGMENT OF PATERNITY BY DEFAULT." (Dkt. 2, ¶ 5).[2]

In sum, Defendant seeks federal review of the final judgment entered in the state court paternity action and an injunction against the Florida Department of Revenue to prevent it from enforcing a financial obligation imposed on Defendant by that final judgment. That action is not removable to federal court, as the original paternity action did not "pose a federal question of the first kind." *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 (1986).[3]

---

[1] To the extent Defendant's filings suggest that this matter was subject to removal to federal court, to avoid any confusion, this court expressly determines that it was not subject to removal. There is no stay of those proceedings as a result of Defendant's filing in federal court.

[2] Defendant's rambling pleading complains of, among other things, due process violations, improper state court filings, "no indictment based on probable cause," violation of Defendant's "privilege against self incrimination," the "presumption of innocence," failure to provide discovery, violation of *Brady v. Maryland*, contempt proceedings, "writs of bodily attachment(s) (star chamber decision)," violation of his right to counsel, of being "unlawfully incarcerated on a writ of bodily attachment," the failure of a judge to recuse herself, the denial of a jury trial, lack of jurisdiction in the state court, and violations of the "Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq."

[3] Defendant's mention of the "Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq." does not establish federal question jurisdiction, as federal question jurisdiction under the removal statutes is determined from the complaint. Even if Defendant's pleadings, liberally construed, purport to state a claim against the Florida Department of Revenue under the Fair Debt Collection Practices Act, it is nonetheless subject to dismissal for want of subject matter jurisdiction, as that construed claim is patently without merit. *McGinnis v. Ingram Equipment Co., Inc.*, 918 F.2d 1491, 1494 (11th

Defendant's reliance on 28 U.S.C. § 1443 is misplaced. Defendant pleads no other basis for federal court jurisdiction.[4]

Accordingly, it is **ORDERED AND ADJUDGED:**

1. This action is **DISMISSED** for lack of subject matter jurisdiction and the Clerk is directed to close this case.

2. All pending motions, including **Dkts. 2** and **5**, are **DENIED** as moot.

**DONE AND ORDERED** in chambers this 7th day of February, 2008.

**JAMES D. WHITTEMORE**
United States District Judge

Copies to:
Defendant, *pro se*, P.O. Box 18893 Sarasota, FL 34276
Chief Judge Lee Haworth 2002 Ringling Blvd., Sarasota, FL 324237
Florida Attorney General, M. Ottinger, P.O. Box 3342, St. Petersburg, FL 33731
Florida Dept. of Revenue, 1991 Main Street, Sarasota, FL 34237
Circuit Court Clerk of Sarasota County, 2000 Main Street, Sarasota, FL 34287,

---

Cir. 1990)("The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather, the test is whether 'the cause of action alleged is so patently without merit as to justify. . . the court's dismissal for want of jurisdiction.'"). Moreover, it would be inappropriate to construe these pleadings to establish jurisdiction. *See GJR Invs. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (although *pro se* pleadings are read liberally, a court should not "rewrite an otherwise deficient pleading in order to sustain an action").

[4] Even if Defendant's pleadings are construed as attempting to state a claim against the Florida Department of Revenue, the *Rooker-Feldman* doctrine and Anti-Injunction Act would bar Defendant's claims. According to the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgment may be had only in [the United States Supreme Court]." *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996) (citations omitted). The *Rooker-Feldman* doctrine bars a federal action if the relief requested would effectively reverse a state court's decision or void its ruling. *In re Glass*, 240 B.R. 782, 785 (M.D. Fla. 1999) (citations omitted). Moreover, "the doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment." *Powell*, 80 F.3d at 466 (citations omitted). A "federal claim is deemed 'inextricably intertwined' with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *In re Glass*, 240 B.R. at 785 (citing *Singleton v. Fifth Third Bank of Western Ohio (In re Singleton)*, 230 B.R. 533, 537 (6th Cir. 1999)).

Further, the Court is prohibited from enjoining state court proceedings pursuant to the Anti-Injunction Act. 28 U.S.C. § 2283. None of the statutory exceptions to the Anti-Injunction Act's prohibition against enjoining state court proceedings provided by § 2283 are applicable. *See Burr & Forman v. Blair*, 470 F.3d 1019, 1027-28 (11th Cir. 2006).